# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 20, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

136988

_____

In re SKYLER LEROY MCBRIDE, ALEXANDER
GARAND MCBRIDE, and SAWYER DALE
MCBRIDE, Minors.

_____

DEPARTMENT OF HUMAN SERVICES,
       Petitioner-Appellee,

v

RONALD D. MCBRIDE, JR.,
       Respondent-Appellant,

and

SUSAN MCBRIDE,
       Respondent.

SC: 136988
COA: 282062
Bay CC Family Division:
06-009381-NA

_____/

On order of the Court, the application for leave to appeal the July 15, 2008 judgment of the Court of Appeals is considered. The Clerk of the Court is directed to place this case on the May 2009 session calendar for argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall submit supplemental briefs within 42 days of the date of this order addressing: (1) whether the trial court violated MCL 712A.17c and MCR 3.915(B)(1) by denying the respondent-appellant father's request for the appointment of counsel to represent him at the trial on the supplemental petition requesting termination of his parental rights; (2) whether the trial court violated the respondent's due process rights under *Lassiter v Dept of Social Services*, 452 US 18; 101 S Ct 2153; 68 L Ed 2d 640 (1981), by denying the request for counsel; (3) if the trial court violated MCL 712A.17c, MCR 3.915(B)(1) or the Due Process Clause, whether such an error may be harmless, *In re Clemons*, unpublished

opinion per curiam of the Court of Appeals, issued August 19, 2008 (Docket No. 281004); *Lassiter*, *supra*; (4) whether the Department of Human Services is asserting inconsistent positions regarding the harmlessness of the error in denying counsel in termination of parental rights cases, cf., e.g., *In re Clemons*, *supra*, and the instant case; (5) if a denial of a request for counsel can constitute harmless error, whether the existence of an alternative placement plan or guardianship option, such as those provided for in MCL 712A.19a(7) and MCL 700.5201-5219, can prevent a denial of a request for counsel from being harmless; and (6) if the existence of an alternative placement or guardianship option can prevent a denial of a request for counsel from being harmless, by what standards should a court evaluate feasibility of the alternative placement or guardianship option in determining whether the error was harmless.  The Solicitor General is invited to file a brief addressing the foregoing issues and to participate in oral argument before this Court.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 20, 2009

Clerk

s0217